[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence: October 27, 1995 Date of Application: October 30, 1995 Date Application Filed: Undated Date of Decision: September 26, 2000
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford.
Docket No. CR 95-468979.
Margaret Levy, Defense Counsel, for Petitioner.
Sandra Tulius, Assistant State's Attorney, for the State.
Sentence Affirmed.
BY THE DIVISION
After entering a plea of guilty to the crime of murder, the petitioner was sentenced to a term of 32 years. (When he entered his guilty plea the petitioner did so pursuant to a court indicated sentence of not more than 37 years with the right to argue for less).
In this case the petitioner had met and began living with the victim about two weeks earlier. On the evening in question they had smoked some cocaine and went out for a walk. They argued and the petitioner took out a knife and cut her throat.
When confronted by the police the following day, he readily confessed CT Page 13329 telling them he killed the victim in the same manner he slaughtered animals when he worked at a slaughter house. The petitioner has no prior criminal record.
Lee expressed his remorse in his remarks to the Division. His attorney, presented a favorable letter from Lee's employer which had not been received in time to present to the sentencing court and, in asking for a reduction, stressed the favorable factors in Lee's background. At sentencing, Lee's attorney informed the Court of his employer's endorsement. The Court, was, therefore aware of those favorable comments.
It is clear from the Court's comments at sentencing that it gave consideration to the petitioner's background his lack of record, his cooperation with the police and his remorse, and substantially reduced its own earlier indicated sentence. We do not find it to be outside the reasonable parameters of discretion of a sentencing judge.
The Division can only reduce a sentence if it is inappropriate or disproportionate pursuant to the provisions of Practice Book §43-28. This is not such a sentence and it is affirmed.
LAWRENCE C. KLACZAK, J.
FRANK A. IANNOTTI, J.
Klaczak and Iannotti, J's, participated in this decision.
(The petitioner expressly waived his right to a hearing before a three judge panel and voluntarily stipulated to a hearing before two judges).